[Civ. No. 890. First Appellate District.—December 21, 1911.]

## KATIE A. CARTER, Appellant, v. JOHN GROSSHANS and FLORENCE GROSSHANS, His Wife, Respondents.

ACTION FOR BALANCE ON CONTRACT OF SALE—ALLEGED BREACH OF CONTRACT FOR HOME—DENIAL—PLEA OF PAYMENT—CONFLICTING EVIDENCE—SUPPORT OF FINDINGS AND JUDGMENT.—Where the plaintiff sued to recover $500 as unpaid on the first installment of $1,000 to be paid in advance, on the signing of the contract, and alleged the payment of only $500 thereon, under an agreement to board plaintiff for life in consideration of the rebate of the other $500, the breach of which is alleged, and the answer denied such contract, and alleged full payment of $1,000, as credited on the contract, and the evidence was substantially conflicting upon the issues, and the findings and judgment were for the defendants, and the court manifestly credited the defendants and disbelieved the plaintiff, the judgment cannot be disturbed on appeal for insufficiency of the evidence to support the findings and judgment.

ID.—REVIEW OF CONFLICTING EVIDENCE UPON APPEAL.—It is useless, and a waste of time and words, to discuss the weight of conflicting evidence, and the credibility of the witnesses upon appeal. Where the lower court rests the decision of a question of fact upon conflicting evidence, neither its weight nor the credibility of witnesses can be considered by an appellate court.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and W. A. S. Nicholson, for Appellant.

Mortimer Smith, and H. W. Pulcifer, for Respondents.

, LENNON, P. J.—This action was brought to recover a judgment against the defendants, John Grosshans and Florence Grosshans, his wife, for the sum of $500, alleged to be due and unpaid on the purchase price of certain real property situated in the city of Berkeley.

The purchase price of the property was $3,500, of which $1,000 was to be paid down upon the signing and delivery of the contract, and the balance in monthly installments of not less than $20 per month.

The plaintiff pleaded in her complaint and testified at the trial that at the time of making the contract, and as a part of the same transaction she and the defendants agreed that in lieu of the first payment of $1,000 only one-half thereof need be paid in cash, provided the defendants would furnish and supply plaintiff with a home free of cost to her for the remainder of her life. Pursuant to this agreement and upon the signing of the contract, the defendants paid the plaintiff $500, and took possession of and occupied the premises, but have ever since refused to provide plaintiff with a home, or to pay to plaintiff the balance of the $1,000 which was to be paid upon the signing and delivery of the contract. The testimony of the plaintiff was supplemented by the written correspondence of the parties and other documentary evidence which, in a small degree, had a tendency to support the claim of the plaintiff in the particulars stated.

The defendants in their answer specifically denied the agreement to furnish the plaintiff with a home in lieu of a rebate of $500 on the purchase price of the property, and asserted that they had paid the plaintiff the full sum of $1,000, recited and receipted for in the original contract of sale.

Upon the issue thus raised the defendant and his wife flatly contradicted the testimony of the plaintiff; and at the conclu-

sion of the trial the evidence upon this and every other material and controverted point was in hopeless conflict.

Judgment was rendered for the defendants, from which the plaintiff appeals upon the single ground of the insufficiency of the evidence to support the findings and the judgment.

From the record before us, which consists of the judgment-roll, and, in lieu of a bill of exceptions, a certified transcript of the testimony and proceedings had in the lower court, it is readily apparent that the trial judge gave full credit to the testimony of the defendants, and gave but little, if any, credence to the testimony of the plaintiff. Much, if not all, of the argument of the appellant is devoted to a discussion of the weight of the evidence and the credibility of the witnesses. This, of course, upon appeal is a waste of time and words, for the rule is too well settled to admit of discussion, that where the lower court rests the decision of a question of fact upon conflicting evidence, neither its weight nor the credibility of witnesses can be considered by an appellate court.

The judgment appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.