[Civ. No. 1402. Second Appellate District.—July 24, 1914.]

BONNIE ELOUISE McNUTT, as Executrix of the Will of Cyrus F. McNutt, Deceased, et al., Appellants, v. ANTON PABST et al., Respondents.

ATTORNEY AND CLIENT—ACTION BY ATTORNEY TO RECOVER FEES— REASONABLE VALUE OF SERVICES—VALUE OF PROPERTY INVOLVED.— In an action by an attorney to recover for legal services rendered in defending actions to quiet title to land, a consideration of the value of the property involved in the actions furnishes only one of the factors to be taken in view by the jury in arriving at a verdict as to the reasonable value of the services, and notwithstanding any opinion expressed by the witnesses, the jury have the right to form

their own judgment as to that value, taking into consideration the location and conditions surrounding the land as shown by the evidence.

ID.—CONFLICTING EVIDENCE—REVIEW ON APPEAL.—If in such case the record on appeal discloses some substantial evidence both ways upon the question of the value of the land, the appellate court cannot substitute its judgment for that already declared by the jury.

ID.—EXPERT TESTIMONY AS TO VALUE OF LEGAL SERVICE—EXAMINATION OF WITNESSES.—It is not error to allow attorneys, called as witnesses in such case, to state the reasonable value of the services rendered, assuming that the land is worth comparatively only a small amount per acre, since such testimony tends to illustrate just what weight the matter of the value of the property has with the witnesses in their conclusions.

ID.—RECORD ON APPEAL—ABSENCE OF INSTRUCTIONS IN TRANSCRIPT—PRESUMPTIONS.—If the instructions given by the trial court to the jury are not set out in the transcript, it may be assumed on appeal that those instructions correctly stated the law, and that if the effect of any of the evidence should have been limited by the instructions, then such instructions were declared to the jury.

ID.—DILIGENCE OF ATTORNEY IN PERFORMING LEGAL SERVICE—EVIDENCE. In an action by an attorney to recover for services rendered in defending actions to quiet title it is proper to exclude testimony that the plaintiff did everything that he thought necessary or proper to do in such actions, where all the facts as to what was done before and at the trial of the actions are shown by the evidence.

ID.—SEPARATE VERDICTS—DIRECTION OF COURT TO RETURN SINGLE VERDICT.—If in such case the jury returns two verdicts, one in favor of the plaintiff, and the other for a smaller sum in favor of the defendant based on damage to him because of the plaintiff's negligence, the court may properly direct the jury to return to the jury room and return a single verdict for the difference.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Ben Goodrich, for Appellants.

Geo. L. Keefer, for Respondents.

JAMES, J.—In the year 1909 Cyrus F. McNutt, Joseph E. Hannon, and Benjamin Balmer, as attorneys at law, were employed by respondents to defend in two actions

then pending in the superior court in the county of Los Angeles, in each of which respondents appeared as parties defendant. Cyrus F. McNutt has since died, and his executrix has been substituted herein in his stead. The actions first referred to concerned the question as to the title to a certain lot of land, comprising about eight acres. Pursuant to their employment the attorneys for respondents prepared their defense to the first action, which necessitated a lengthy examination of the records in the county recorder's office, and that action was finally tried, the trial occupying some three days. The city of Los Angeles was also a party defendant, and a disclaimer was first filed on its account, but later, upon application made in that behalf, the court allowed the said city to file an answer by which it set up title in itself to the land in question. This answer was filed on January 14, 1910, and in May following the plaintiff therein dismissed the action as to the city of Los Angeles. The findings and decree of the court as finally entered were in favor of the respondent Anton Pabst, it being determined that he held, as against the plaintiff there suing, good title to the land then in controversy. No contract had been made between respondents and their attorneys as to payment of any specific sum on account of fees for services rendered by the attorneys in either of the actions to quiet title, and after the first cause had been tried and determined a dispute arose between respondents and their counsel as to what amount it would be proper for the former to pay. The attorneys claimed that the sum of about one thousand seven hundred and fifty dollars had been earned by them, and respondents objected to paying more than five hundred dollars. Thereupon the attorneys refused to proceed any further as counsel for respondents in the second action, and brought this suit to recover the sum of one thousand seven hundred and twenty dollars as for services rendered in the first suit and two hundred and fifty dollars for services in the second action. The defendants took issue as to the value of the services and by cross-complaint made a claim for damages by reason of alleged negligent handling of the suit which was tried and in which respondent Anton Pabst was the successful party. The jury returned a verdict in favor of appellants for the sum of one hundred and seventy-five dollars, and judgment being entered thereon, appellants made

their motion for a new trial and appealed from the order denying the same.

Considerable testimony was introduced at the trial touching the value of the land which was the subject of the actions heretofore referred .to, this evidence being offered as a basis for the fixing of a reasonable sum to be allowed as compensation to counsel. The testimony in this behalf varied greatly, some witnesses fixing the value of the eight acres as low as two hundred dollars per acre and others fixing as high a figure as two thousand dollars per acre. It is contended on behalf of appellants that the evidence preponderated in their favor upon the question as to the land being worth approximately two thousand dollars per acre. It is not in terms urged that the "preponderance" of the evidence rested in that direction, but such must be the effect. to be given to the claim made upon that matter. This contention must be dismissed with but brief· comment, for the record discloses that there was some substantial evidence both ways upon the question of the value of the land, and that being true, this court cannot substitute its judgment for that already declared by the jury. Moreover, a consideration of the value of the property affected in the actions referred to only furnishes one of the factors to be taken in view by the jury in arriving at a verdict as to the reasonable value of the services rendered by the attorneys; and notwithstanding any opinion expressed by the witnesses, the jury had the right to form its own judgment as to that value, taking into consideration the location and conditions surrounding the land, all of which were described in the evidence.

It is complained that the court erred in allowing questions to be asked of certain attorneys who were called as witnesses and of some of the parties plaintiff, which required the witnesses to fix the amount of reasonable attorneys' fees assuming that the land was worth only from fifty dollars to two hundred dollars per acre. Whether there was sufficient evidence to warrant this assumption as to values is not material, because as a matter of cross-examination the questions were proper as tending to illustrate just what weight the matter of the value of the land had with the witnesses in leading them to conclusions expressed as to the worth of the legal services ·rendered. It may be here suggested that in the transcript there is not set out the instructions given by the

trial court to the jury, and it may be therefore assumed that those instructions correctly stated the law, and that if the effect of any of the evidence should have been limited by the instructions that such instructions so limiting it were declared to the jury. (Code Civ. Proc., sec. 2061.) This observation is pertinent to be kept in mind in a consideration of most of the points made by appellants relating to the admission and rejection of testimony. It is contended again, that the court erred in refusing to allow appellant Balmer to testify as to whether he had done everything he thought necessary or proper to do in the case which was tried. The evidence showed fully all of the facts as to what was done before and at the trial of the action, and the jury was called upon to determine as to whether counsel had performed their full duty in that behalf. One of appellants, Mr. Hannon, did testify quite fully as to having acted, according to the view he took of the case, diligently for the best interest of his clients. One of the grounds for damages alleged to have been caused to respondents was that appellants should not have permitted the city to be dismissed from the action which was tried, but that a cross-complaint should have been filed and so caused to be determined in the one action all questions between respondents and the city relating to the title to the land in dispute. Mr. Hannon explained why this was not done and why in his judgment and the judgment of his associates it was deemed best not to take the affirmative as against the city, but evidently the jury, as it had the right to do, concluded that counsel was negligent in not so acting. Were that question, as a matter of fact, submitted here and were it a proper one for review, this court might well differ with the jury as to its conclusion. However, that matter is past questioning. It does seem from the record that the work devoted by counsel to the interest of respondents was laborious and involved a large amount of time and attention to detail. The amount awarded to them by the jury seems very small, considering the services rendered; still upon a careful examination of each of the points made for reversal, and assuming, as has been before suggested, that the jury was fully and correctly instructed as to the law, it cannot be said that any prejudicial errors have been shown which demand that a new trial should be ordered.

From affidavits used on the motion for a new trial it was shown that the jury first brought in two verdicts, one in favor of appellants for five hundred dollars, and the other in favor of respondents for three hundred and twenty-five dollars. Upon instruction from the court the jury was returned to the jury room and thereafter submitted one verdict in favor of appellants for the sum of one hundred and seventy-five dollars. The minute record shows only the return of the verdict for one hundred and seventy-five dollars. It may be assumed, conceding that the question of irregularity in the action of the jury is properly presented, that the jury intended by their double verdict first offered, to determine that the full value of the services rendered by appellants, had there been no negligence, was the sum of five hundred dollars, but that there had been negligence and damage suffered as a consequence which reduced the value of the services by the sum of three hundred and twenty-five dollars. It was altogether proper under the circumstances for the court to have the jury returned to the jury room and the verdict corrected.

A discussion has not been made of each point as detailed in the brief of counsel for appellants, but a very careful consideration of the argument in support of the contention that the order denying the motion for a new trial should be reversed, does not suggest a conclusion favorable to appellants' view of the case.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.