[Civ. No. 1418. First Appellate District.—January 22, 1915.]

JAMES CONLIN et al., Respondents, v. EMANUEL LEWIS INVESTMENT COMPANY (a Corporation), Appellant.

VERDICTS—INCLUSION OF IMPROPER ITEMS—MODIFICATION OF JUDGMENT ON APPEAL.—It cannot be said from the mere fact that a verdict is excessive because of the inclusion therein of improper items that it was the result of passion and prejudice; nor can a judgment be reversed merely because it was rendered for an excessive amount, where the party in whose favor the judgment was given consents to a modification thereof, as the appellate courts will in such case modify the judgment appealed from whenever it appears from the record

or from the admission of the parties, that their rights can be finally determined thereby.

ID.—ACTION FOR DAMAGES—SALE OF REAL PROPERTY—MISTAKE IN POINTING OUT LOTS SOLD—DAMAGE IN REMOVAL OF IMPROVEMENTS—EVIDENCE.—In an action for damages brought by the assignees of a contract to purchase real property, based upon alleged fraud and misrepresentations of the seller in pointing out the wrong lots upon which plaintiffs' assignor erected improvements which plaintiffs were compelled to remove, there was no prejudicial error in permitting plaintiffs' assignor to testify that the defendant's president, at the time of the purchase, pointed out to him the wrong lots and told him that they were the lots contracted to be sold and that he went in possession under such representations, where it also appeared that the same representations were made to plaintiffs before the assignment of the contract and were continued up to and after the final payment and the delivery of the deed.

ID.—FALSE REPRESENTATIONS—INSTRUCTIONS.—In such a case there was no error in instructing the jury that "False representations are legally fraudulent if made through ignorance, carelessness, or mistake, and the other party is deceived or misled thereby," and that "Actual fraud is the positive assertion in a manner not warranted by the information of the person making it, of that which is not true, although he believes it to be true," as such instructions are legally correct and left the question to the jury to decide whether or not the representations and mistake of the defendant, under all the circumstances of the case, constituted fraud.

ID.—EVIDENCE—EFFORTS TO SETTLE CONTROVERSY.—It is held in this case that certain evidence admitted over defendant's objection did not relate to an offer of compromise.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Denson, Cooley & Denson, for Appellant.

Dudley D. Sales, and Harold H. Maundrell, for Respondents.

THE COURT.—This is an appeal from the judgment, entered upon the verdict of a jury, against the defendant and in favor of the plaintiffs.

It appears from the evidence, and is not disputed by defendant, that the defendant entered into a contract in writing with Joseph Williams, whereby defendant agreed to sell to Williams

lots 14 and 15 in block L of the Mission Street Land Company; that Emanuel Lewis, the president of the defendant company, took Williams to the property before the contract was signed, and pointed out to him what he supposed were lots 14 and 15, but which were actually lots 11 and 12. Williams went into possession of these lots, made improvements thereon, and paid a portion of the purchase price. Thereafter he assigned the contract to plaintiffs. Defendant consented to the assignment, and plaintiffs went into possession. Thereafter they paid to the defendant the balance of the purchase price in monthly installments, and received a deed to lots 14 and 15. Subsequently plaintiffs were notified by the Homestead Realty Company that they were in possession of lots 11 and 12 belonging to that company. Plaintiffs then moved their house and improvements to lots 14 and 15, and thus incurred the damages sought to be recovered in this action from the defendant. At no time prior to the date of the notification by the Homestead Realty Company did plaintiffs know or have cause to believe that they were located on the wrong lots.

No evidence was offered by the defendant, nor was any motion made for a new trial.

Plaintiff admits that the verdict is excessive in the sum of one hundred and sixty-five dollars, but it cannot be said from the mere fact that the verdict is excessive, because of the inclusion therein of improper items, that it was the result of passion and prejudice (*Adcock* v. *Oregon R. Co.*, 45 Or. 173, [77 Pac. 78]). Nor can the judgment be reversed merely because it was rendered for an excessive amount where, as here, the party in whose favor the judgment was given consents to a modification thereof (*Fox* v. *Hale & Norcross S. M. Co.*, 122 Cal. 220, [54 Pac. 731 ]). In that case it is held that appellate courts will modify the judgment appealed from whenever it appears from the record, or from the admission of the parties, that their rights can be finally determined thereby.

The action is based on the ground of fraud and misrepresentation by the defendant; and defendant asserts that such an action is a personal one, that it does not run with the land, that it was not transferred to the plaintiffs by the assignment of the defendant's contract with Williams; and that therefore the court committed error in permitting Wil-

liams to testify that Emanuel Lewis, the president of the defendant company, on the occasion of the purchase by Williams of the two lots in question, pointed out to him lots 11 and 12 and told him that they were lots 14 and 15, and that he went into possession of the lots designated after contracting in writing to buy them from the defendant.

It is not disputed that Williams went into possession of the wrong lots as the result of representations by Lewis; but the plaintiffs' cause of action is not necessarily and exclusively based upon these misrepresentations, for it is clear from the evidence that Lewis must be regarded as having made the same misrepresentations to the plaintiffs just before the assignment of the contract, and continued to make them up to and after the final payment on the contract and the delivery of the deed. These representations are sufficiently relied upon in the complaint.   Under these circumstances the admission of Williams's testimony cannot be deemed prejudicial error.   Nor was the assignment of the contract by Williams to the plaintiffs an assignment of a mere naked right to bring an action for fraud, but was the transfer of the former's interest in the lots agreed to be conveyed by such contract, and the cause of action for fraud arises from the plaintiffs' damage suffered through their reliance upon the representations made to them by the defendant's president.

The defendant asserts that the evidence shows mistake and not fraud, and contends that the giving of instructions by the court on the subject of fraud was error. "False representations are legally fraudulent if made through ignorance, carelessness or mistake and the other party is deceived or misled thereby (*Davis* v. *Driscoll*, 22 Tex. Civ. App. 14, [54 S. W. 43]). In the Civil Code, section 1572, the rule is declared as follows: "Actual fraud is . . . (2) The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, although he believes it to be true." The instructions complained of embraced the law as thus laid down, and left the question to the jury to decide whether or not the representations and mistake of the defendant, under all the circumstances of the case, constituted fraud.   Such instructions were correct.

The testimony of Harold H. Maundrell, admitted over the objection of the defendant and now assigned as error, did not relate to an offer to compromise the matter here involved.

When these plaintiffs were sued by the Homestead Realty Co. for the possession of lots 11 and 12, Maundrell, acting as the attorney for the Conlins, called on the attorney for the defendant corporation with a view to settling the question of who would defend that action, and while in the office of such attorney some discussion took place and steps were taken relative to settling the whole matter; but there was no offer made by the defendant here to settle with these plaintiffs.

We are unable to say that the evidence in any respect does not support the verdict of the jury.

The judgment is modified by deducting therefrom the sum of one hundred and sixty-five dollars ($165.00), and as thus modified is affirmed, neither party to recover the costs of this appeal.