[Civ. No. 2255.   First Appellate District.—December 20, 1917.]

WILLIAM A. LOGAN, Respondent, v. H. F. LEWIS, Appellant.

NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE—RESPONSIBILITY FOR ACCIDENT — CONFLICT OF EVIDENCE—APPEAL.— Where in an action for personal injuries resulting from a collision between a motorcycle and an automobile the evidence is sharply conflicting as to responsibility for the collision, the appellate court cannot disturb the finding of the trial court.

ID.—PLEADING—JOINDER OF ACTION FOR INJURIES TO PROPERTY—DISMISSAL BEFORE VERDICT—LACK OF PREJUDICE.—In an action for personal injuries resulting from a collision between a motorcycle and an automobile, the defendant is not prejudiced by the joining therewith a cause of action for damages to the motorcycle, where no evidence was introduced in support of such cause of action and the same was dismissed before the case went to the jury.

ID.—AMENDMENT OF VERDICT.—Where the verdict returned by the jury is larger than warranted by the evidence as to special damages, the court has the power before the verdict is recorded and the jury discharged to instruct the jury to reduce the amount thereof.

APPEAL from a judgment of the Superior Court of Alameda County.  T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Milton L. Schmitt, for Appellant.

Dunn, White & Aiken, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff in an action for personal injuries caused by a collision between a motorcycle and an automobile.

Appellant's first point is that the evidence is insufficient to sustain the verdict and judgment.

According to the evidence introduced by the plaintiff the accident occurred about as follows: Piedmont Avenue, in Oakland, is one of the thoroughfares of that city running nearly north and south.  At nearly right angles thereto it is intersected but not crossed by Monte Vista Avenue, which comes into it from the east or right as one looks north.  The neighborhood at this intersection is a business district of the city. On the day of the accident the plaintiff was riding on a motorcycle traveling north on Piedmont Avenue toward the intersection of Monte Vista Avenue, and the defendant's automobile, driven by his chauffeur, Kurihari, and containing his son and a young lady, was at the same time being driven from the east or right on Monte Vista Avenue toward Piedmont Avenue.  At the corner of the intersection nearest plaintiff as he approached, a row of business houses entirely obstructed the view of defendant's chauffeur to his left, so that he was entirely unable to see the approach of plaintiff on his motorcycle until he passed this corner.  The plaintiff was traveling north on the right-hand side of Piedmont Avenue toward Monte Vista Avenue at a speed of about ten miles per hour, and the automobile of the defendant, a large Pierce-Arrow car, swung south around this obstructed corner at a speed of about twenty-five miles per hour, and in doing so came suddenly into the direct path on which plaintiff was

traveling, by reason whereof there was a collision between the motorcycle and the automobile. The automobile did not cross the street to the right of the intersection before turning to the left, but took a short, sharp turn to the left, cutting this corner at a place and a rate of speed prohibited by law.

It is defendant's contention that his car had come to a stop and was at rest when the accident occurred, and that the plaintiff in fact ran into the automobile. Two of his witnesses so testified; and he argues that the physical facts of the collision demonstrate this to be true. As to this controversy between the parties, it is sufficient to say that the record presents a sharp conflict in the testimony, in the presence of which under a familiar rule appellate courts cannot disturb the finding of the jury or the trial court. (*Carter* v. *Grosshans,* 17 Cal. App. 703, [121 Pac. 700].)

The appellant next contends that the court erred in overruling his demurrer to the complaint upon the ground of misjoinder of several causes of action.

Assuming for the sake of argument that at the time this case was tried a cause of action for damages for personal injuries could not, under section 427 of the Code of Civil Procedure, be joined with one for injuries to personal property, and that the demurrer to the complaint ought for that reason to have been sustained, still as no evidence was introduced in support of the cause of action relating to damages to the motorcycle, and the same was dismissed before the case was submitted to the jury, we are at a loss to understand how it can be seriously asserted that the defendant was prejudiced by the overruling of the demurrer.

Exception is also taken to certain remarks made by the court in the presence of the jury concerning the manner in which the jury should bring in its verdict, the general tenor of those remarks being that the jury should separate the special from the general damages. Reading this instruction alone, it perhaps would appear that the court assumed that the jury would find for the plaintiff; but the instruction immediately thereafter given to the jury directed them what to do in case they should find for the defendant; and moreover, all the instructions read together we think fairly covered the law applicable to the facts of the case.

The jury returned a verdict for the plaintiff, assessing the general damages at $3,240, and the compensatory damages—

damages for nursing and medical attendance, etc.—at the sum of four hundred dollars. As to this last item counsel for the plaintiff fearing that perhaps this sum was larger than was warranted by the evidence, suggested to the court that it advise the jury to reconsider the verdict. This, with proper instructions, was done, and after further deliberation the jury returned a second verdict reducing the special damages to the sum of $285, and adding the difference to the general damages, thus leaving the gross amount of the verdict the same as before.

Inasmuch as the verdict of the jury had not been recorded nor the jury discharged, we think the court was warranted in permitting the jury to make this amendment. (Code Civ. Proc., sec. 619; 38 Cyc. 1893, 4; 22 Ency. Pl. & Pr. 967, 8; *McNutt* v. *Pabst,* 25 Cal. App. 177, [143 Pac. 77]; *Conlin* v. *Lewis Inv. Co.,* 26 Cal. App. 388, [147 Pac. 472].)

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1918.