[Civ. No. 5378.   Fourth Dist.   Mar. 20, 1957.]

SOUTHERN CALIFORNIA GAS COMPANY (a Corporation), Respondent, v. EDMOND L. GOSS et al., Appellants.

T. R. Claflin for Appellants.

Mack, Bianco, King & Eyherabide for Respondent.

GRIFFIN, J.—Defendants and appellants were and are the owners of a small tract of land (4¾ acres) west of the city limits of the city of Shafter, in Kern County. Plaintiff and respondent desires an angular right of way across such property for an 8-inch gas line. The easement for this purpose consists of .3126 of an acre. There was a conflict in the testimony as to the damages. The trial court, without the aid of a jury, held that the damages were $180. The only question presented on this appeal is whether the court abused its discretion in awarding this amount.

Defendants' expert witness claimed that the damages were $7,000, due to the fact that although defendants' land is now surrounded by small farms and suburban homes, it is potential subdivision property and as such the damages would be that amount.

There is evidence that the population of the Shafter area is increasing constantly and the necessity for the extension of the gas line across defendants' property in an angular direction would cut down, to some extent, the number of lots that could be sold in any future subdivision that might be developed, citing 17 California Jurisprudence 2d, page 647, section

75; and California Trial and Appellate Practice, by McBaine, page 406.

The qualifications of plaintiff's expert witness to testify as to value are unquestioned. He testified the property was not potential subdivision property; that it was too far removed from the town itself; that it was strictly farming land and that was its "highest and best use"; that no great damage would be done to it by the easement which crosses it with an 8-inch gas line buried 32 inches deep in the soil. Defendants' claim is that his testimony should be disbelieved and was unacceptable in the face of the testimony of defendants' expert witness and the circumstances disclosed.

Defendants, as well as this court, are bound by the familiar rule, too well settled to admit of discussion, that where the lower court rests its decision of a question of fact upon conflicting evidence, neither its weight nor the credibility of witnesses can be considered by an appellate court, and when there is presented for review simply a question of fact from which reasonable minds might draw different conclusions, this court is bound by the decision of the trier of facts. (*Carter* v. *Grosshans*, 17 Cal.App. 703 [121 P. 700]; *County of Los Angeles* v. *Carpenter*, 118 Cal.App.2d 871 [258 P.2d 1056]; *Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

The evidence supports the finding of the trial court and no abuse of discretion affirmatively appears.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.