[Civ. No. 958.   Fifth Dist.   Aug. 14, 1968.]

MARK SHERWOOD, a Minor, etc., Plaintiff and Appellant, v. SILVIO WILLIAM ROSSINI, Defendant and Respondent.

Chargin & Briscoe and Anthony J. Chargin for Plaintiff and Appellant.

Cardozo, Trimbur & Nickerson and John M. Trimbur for Defendant and Respondent.

GARGANO, J.—Plaintiff, a minor, brought this action through his guardians ad litem, to recover damages for personal injuries sustained in an automobile collision. Prior to the trial defendant admitted responsibility for the collision, and the cause proceeded to trial on the issue of damages only. During the trial after both sides rested, the court accurately and completely instructed the jury on each element of damage recoverable by plaintiff under the evidence presented. The court also told the jury that defendant had admitted responsibility for the collision and that its only function was to determine the nature of plaintiff's detriment and the amount of damages he was entitled to receive as compensation.

Subsequently, notwithstanding the court's clear instructions and defendant's concession that plaintiff had suffered some damage, the jury returned a verdict assessing plaintiff's damages in the amount of "no sum." Then the court sent the jury out for further deliberation after conferring with counsel for both sides. The conference between the court and counsel was out of the presence of the court reporter, and hence the record does not reveal what actually occurred or what was stated. However, at the conclusion of the conference the following transpired:

"THE COURT: Now, members of the jury, this is a rather unique sort of verdict. I'm wondering if you really sort of understand the matter that was presented.

"You were given a form of verdict which indicated that you were to determine the amount of damages of this case. Then you were thoroughly instructed as to the law with re-

spect to the things which could be considered, and then it was left to your judgment, as it will be at any other time, to determine what sum of money is being conceded. It was being conceded that there was some damages that Plaintiff was entitled to.

"Now, did you understand it in that fashion?

"A JUROR: May I be allowed to speak?

"THE COURT: Yes.

"A JUROR: I think we were confused on the amount of the sum for the future, you know, and whether we should come to the conclusion that for the future he should be awarded so much money.

"The Court: Well, now, that's a matter that the jury could determine, and should determine, under the issue which was presented to you. But obviously the presentation here presupposed a verdict in some amount, and your reason for being here was to determine what the appropriate amount was and for what it was awarded. But the presumption here throughout was that this young man was entitled to something, and you were to determine how much, depending on how you looked at the case; and obviously 'no sum' is inconsistent with both the instructions and with the verdict which was given to you.

"Now, is that clear to everyone?

"A JUROR: Now it is.

"THE COURT: Could you now return to the jury room with that explanation and give careful consideration to the matter and arrive at a figure which the jury agrees, at least nine of you agree, is appropriate in this case?

"A JUROR: All right."

Later on the same day the jury returned with a second verdict assessing damages in the amount of $3,000. Plaintiff moved for a new trial but his motion was denied. He appeals from the judgment which was entered on the jury's second verdict.

■ Plaintiff argues the trial judge committed prejudicial error when he returned the jury to the jury room for further deliberation. He maintains that the jury's first verdict assessing damages at "no sum" was a complete albeit erroneous verdict, not one which was "informal" or "insufficient" within the ambit of Code of Civil Procedure section 619. Plaintiff therefore concludes the court did not have the power under Code of Civil Procedure section 618 to order the jury to correct the complete but erroneous verdict before further deliberation.

It is elementary that Code of Civil Procedure sections 618 and 619 must be read *in pari materia*. Thus, while the trial court does not have the power to order the jury to deliberate further if it has returned a complete verdict, the court has the power to return the jury to the jury room for further deliberation if its verdict is "informal or insufficient, in not covering the issue submitted." (Code Civ. Proc. § 619.) As our Supreme Court stated in *Crowe* v. *Sacks*, 44 Cal.2d 590, 596 [283 P.2d 689] : " 'Informal' is defined as 'defective in form; not in the usual form or manner; contrary to custom or prescribed rule.' 'Insufficient' is defined as 'inadequate for some need, purpose or use.' A verdict must comprehend all the issues submitted to the jury. A verdict which goes beyond the issues of the case as stated in the instructions on the law given by the court to the jury, is not in conformity with the instructions and is therefore 'insufficient.' Instances of this are : where the jury returned a verdict for $14,200 although it had been instructed by the court that the statutory maximum liability was $4,140 (*Redo Y Cia* v. *First Nat. Bank,* 200 Cal. 161 [252 P. 587] ) ; where the verdict included improper items (*Prager* v. *Israel,* 15 Cal.2d 89, 98 [98 P.2d 729] ; *Toon* v. *Pickwick Stages,* 95 Cal.App. 370, 374 [272 P. 797] ; *Conlin* v. *Emanuel Lewis Inv. Co.,* 26 Cal.App. 388 [147 P. 472] ) ; where the verdict is larger than warranted by the evidence (*Megee* v. *Fasulis,* 65 Cal.App.2d 94, 102 [150 P.2d 281] ; *Logan* v. *Lewis,* 35 Cal.App. 663, 666 [170 P. 851] )."

Manifestly, it cannot be presumed on appeal that a jury ignored the court's instruction on damages simply because its verdict is not for a large sum of money (*Stein* v. *United Railroads,* 159 Cal. 368, 375 [113 P. 663] ). In other words, a verdict is not insufficient merely because the jury awards only a trifling sum for general damages or merely because the verdict does not seem to adequately compensate the plaintiff for his detriment under the evidence presented. Under these circumstances the verdict is erroneous, and the proper remedy is a new trial (*Crowe* v. *Sacks, supra,* 44 Cal.2d at p. 597). However, as that court stated : "If the jury allows damages so grossly inadequate as to show that it must have disregarded the evidence and the instructions of the court, it should be returned for further deliberation under proper instructions." (44 Cal.2d at p. 598.) This is particularly true at a trial in which there is no issue of liability and it is absolutely clear from the evidence that plaintiff suffered some damage but the

jury nevertheless assesses damages at "no sum." In short, a verdict which is patently contrary to the court's instructions on damages does not cover or comprehend the issues submitted and is therefore insufficient.[1]

■ Plaintiff contends that, even if it is assumed that the jury's "no sum" verdict was insufficient, the court nevertheless failed to properly direct the jury before resubmission and this omission constituted prejudicial error. He argues the court failed to point out the erroneous path the jurors had followed and therefore the jurors could not reach a fair verdict although it was obvious that the jury considered only future damages and ignored substantial present damages.

Admittedly, the record indicates the jury may have been somewhat confused when it first assessed plaintiff's damages at "no sum." Thus, plaintiff's suggestion that the court should have done substantially more than it did to eliminate the confusion is persuasive. However, the trial judge attempted to give the jury some direction before he ordered them to retire to the jury room for further deliberation. He told the jury that they had been thoroughly instructed on the law of the case and that they had not followed the instructions. He also stated that the plaintiff had suffered some damages and it was up to the jury to determine the amount according to the instructions and their view of the case. And, significantly, when the trial judge asked if he had made himself clear to everyone he received an affirmative answer. Consequently, if plaintiff's counsel was not satisfied with the court's direction or if he believed that the jury was still confused or was under some misapprehension of the law, he should have complained immediately instead of waiting to do so for the first time on appeal.[2] It is the rule that even a serious error or impropriety is waived if it could have been cured had it been raised in

---

[1]It is the rule that, in determining the sufficiency of the verdict, reference may be made to the entire record, including the pleadings, the evidence and the court's instructions (*Fransen* v. *Washington*, 229 Cal. App.2d 570 [40 Cal.Rptr. 458]; *Crain* v. *Sumida*, 59 Cal.App. 590 [211 P. 479]).

[2]As we have observed, the record does not indicate what was stated by plaintiff's counsel during the conference at the bench which took place before the court ordered the jury to return to the jury room to deliberate further on the verdict. According to the statement which appears in the trial court's order denying plaintiff's motion for new trial, plaintiff's counsel expressed some opposition when the court indicated that the appropriate procedure required an explanation to the jury. But the nature of this opposition is not expressed, and in no event does it appear that plaintiff's counsel objected to the court's explanation or requested further directions or instructions to the jury.

time; otherwise, a party could remain quiet and speculate on the chance of a favorable verdict while holding the point in reserve in case the verdict goes against him (*Brown* v. *Regan*, 10 Cal.2d 519, 523-524 [75 P.2d 1063]; *Kirby* v. *Adcock*, 116 Cal.App.2d 570 [253 P.2d 700]; *Abbott* v. *Cavalli*, 114 Cal. App. 379, 383 [300 P. 67]; *Smith* v. *Brown*, 102 Cal.App. 477, 489 [283 P. 132]).

Plaintiff's final contention that the damages assessed by the jury were grossly inadequate and that the verdict is against the law is without substantial merit. Although plaintiff was admittedly injured in the automobile collision, there was a sharp conflict in the medical testimony as to the exact nature of plaintiff's injuries. Plaintiff's doctor, Dr. John Blinn, concluded plaintiff sustained brain damage and opined he would be required to take medication for the remainder of his life. Dr. Blinn also opined that there was a strong probability that plaintiff would have convulsive episodes in the future. The doctor's opinion was corroborated, to some extent at least, by three electroencephalograms which were taken after the accident and which all came out abnormal.

On the other hand, according to defendant's doctors, William W. Anderson and Thomas Huff, both specialists in neurology and neurological surgery, plaintiff's injuries were not permanent and neither doctor believed that epileptic seizures had occurred or were likely to occur in the future. Dr. Anderson stated that an abnormal electroencephalogram was not unusual for children of plaintiff's temperament. Dr. Huff stated that plaintiff did not suffer from any organic seizures and that if a convulsion was going to occur as a result of the injury, it would more likely have occurred within six months after the accident rather than after the passage of five and one-half years, the time which had elapsed at the time of trial.

It is the rule that an appellate court has no power to interfere with the jury's verdict awarding damages except when the facts before it suggest passion, prejudice or corruption, or where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law (*Sills* v. *Soto*, 124 Cal.App.2d 539-544 [269 P.2d 98]). As the court stated in *Frampton* v. *Stoloff*, 142 Cal.App.2d 175, 176 [298 P.2d 10]: "An appellate court is authorized to disturb a judgment on the ground of inadequacy of damages only where the amount of the award is supported by no substantial evidence in the record and the verdict is a clear abuse of the jury's discre-

tion." Moreover, when the trial judge denied plaintiff's motion for a new trial he stated that he had evaulated the evidence and concluded that the damages awarded by the jury were not inadequate. ██ It is also the rule that a trial court's order denying a new trial on the ground of insufficiency of the evidence will not be disturbed on appeal in the absence of an abuse of discretion *(Bowler v. Roos,* 213 Cal. 484, 487 [2 P.2d 817]; *Perry v. Fowler,* 102 Cal.App.2d 808, 812 [229 P.2d 46]).

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.