# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## OCTOBER TERM, 1869.

L. B. DREW AND O. C. CARROLL, APPELLANTS, *v.* M. C. SMITH, Superintendent of Public Streets and Highways in the City and County of San Francisco, RESPONDENT.

THE ACT TO LIMIT THE HOURS OF LABOR—CONSTRUCTION OF.—Contracts for the grading of Streets made with the Superintendent of Public Streets and Highways of the City and County of San Francisco are contracts "by the authority of a municipal government," within the meaning of the Act "to limit the hours of labor." (Stats. of 1867-8, p. 63.)

IDEM.—The provision made in the second section of the Act, that "a stipulation to *that effect* shall be made a part of all contracts," etc., means that "eight hours labor shall constitute a legal day's work," under the contract to which the stipulation is made applicable. SPRAGUE, J., and CROCKETT, J., dissenting.

By SANDERSON, J.:

IDEM.—By the second section of the Act, it was the intention of the Legislature absolutely to prohibit the officers of the State and subordinate local governments from requiring any one, doing public work, to work more than eight hours in doing a legal day's work, but it was not the intention to require· them to prohibit the laborer from doing *extra work* for *extra pay*.

IDEM.—The Legislature has seen proper not to prescribe a penalty for a breach of the covenant required by the second section of the Act to be incorporated into the contract, but to leave that matter to be determined by the Courts, upon the principles of the common law; and it is not competent for a ministerial officer to declare what shall be the consequences of a breach of a covenant exacted by the Legislature, but to which the Legislature itself has annexed no penalty.

By SPRAGUE, J.:

IDEM.—The manifest intent of the Legislature in the enactment of the· second section was, in reference to all labor performed for the State Government, or any

subordinate department thereof, to prohibit any stipulation being made or permitted by the officers having charge or control of such work, by which the hours for a day's labor should be extended beyond the limits fixed by the first clause of the first and second sections; and it is competent and proper that, as a security for the performance of such stipulation on the part of a contractor, a penalty should be prescribed in the contract itself for a failure to comply with the terms of the stipulation.

IDEM.—To require of the contractor *not to permit* any person to work more than eight hours per day, is evidently in excess of the law.

By CROCKETT, J.:

SUPERINTENDENT OF PUBLIC STREETS AND HIGHWAYS IN THE CITY OF SAN FRANCISCO.—Although contracts are made on behalf of the City and County of San Francisco in the name of the Superintendent of Streets, he is but the agent of the corporation in that behalf; and, *pro hac vice,* his act is the act of the corporation.

ACT TO LIMIT THE HOURS OF LABOR.—It is the right, and it is the duty, of any person making a contract for labor under the authority of the State Government, or of any subordinate department thereof, to compel the contractor to stipulate that he would not *require* any laborer, by means of a contract with him, or otherwise, to labor more than eight hours per day. But they have no authority to require that, in case of a violation of the stipulation by the contractor, the latter should "not be entitled to any pay for any work done," or that he should not "permit" any person employed on the work to labor more than eight hours per day.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This appeal was taken from the order of the Court below dismissing the petition of the appellants for a mandamus to compel the respondent, Street Superintendent of San Francisco, to execute with the appellants a contract which had been awarded to them by the Board of Supervisors for the grading of a certain street.

The other facts of the case are stated in the opinions of the Judges.

*Hale & Edmonds,* for Appellants.

*Jos. M. Nougues,* for Respondent.

SAWYER, C. J., delivered the opinion of the Court:

For the purpose of bringing the words of the Act in question to be construed into closer connection, omit the intervening words, not affecting the sense, so far as the Act

relates to the case in hand, and Section 2 will read as follows, to wit:

"Eight hours labor shall constitute a day's work in all cases where the same is performed   *   *   *   by the authority of any   *   *   *   municipal government within this State, or of any officer thereof acting as such; and a stipulation *to that effect* shall be made a part of all contracts to which   *   *   *   any   *   *   *   municipal government shall be a party."

It is plain to our minds that "a stipulation *to that effect*," means nothing more nor less than a stipulation to the effect that "eight hours labor shall constitute a legal day's work" under the contract to which the stipulation is made applicable.   This is the provision of the Act to which the words "to that effect" manifestly refer.

We have no doubt that the contract in question is a contract "by the authority" of a "municipal government," within the meaning of the Act.   The contract tendered to respondent for execution contained this provision, to wit: "And it is hereby expressly stipulated that *eight hours labor shall* constitute a legal day's work for all *work to be performed under this contract.*"   This is the precise stipulation required to be inserted by the statute, in terms every way as broad as those prescribed by the Act.   To our minds, it is a full compliance with the requirements of the Act.   The provision of the statute is an abridgement of, and a limitation upon, the powers of parties to contract about their own concerns, and we are not authorized to extend, by construction, such an abridgement of the natural rights of parties to cases not strictly within the terms of the Act.   The provision which the Superintendent required to be inserted, and which the relators declined to accept, is as follows, to wit:

"And it is further mutually agreed between the parties hereto, that eight hours labor shall constitute a legal day's work for all work done by any person employed by said parties of the first part, in performing this contract; and said parties of the first part further agree not to require or permit any person so employed to work more than eight hours per day; and in case of violation of this covenant, said

party of the second part shall be released from all the obligations herein contained, and the parties of the first part shall not be entitled to any pay for the work done."

It seems to us that it is only necessary to compare this stipulation with the language of the Act before quoted, to at once perceive that it is much broader than the requirements of the Act, and in those particulars not embraced in the Act, and wholly unauthorized by its provisions.

It is argued, that upon this construction Section 1 covers the whole field, and Section 2 becomes surplusage, and has no office to perform. We do not so interpret the Act. Without Section 2, the officers of the State and municipal governments might take it upon themselves to require a stipulation like that permitted by Section 1 to be inserted in all contracts between the State or municipal governments and those contracting with them. But Section 2 obviates this, by making it the duty of such officers to insert in such contracts the stipulation prescribed. But it goes no further. The required stipulation, as we construe the Act, was in the contract tendered to the respondent, and he was not authorized to require more. We think it was his duty to execute it in the form tendered, and that the judgment should be reversed and the cause remanded, with directions to the District Court to issue its mandate in accordance with the views here expressed.

So ordered.


The following opinions were also delivered:

By SANDERSON, J.:

I concur in the judgment, and in the reasoning of the Chief Justice. To construe the statute as the Superintendent of Streets has done is to put words in the statute which the Legislature has not put there, and to allow him —a mere ministerial officer—to declare what shall be the consequences of a breach of a covenant exacted by the Legislature, but to which the Legislature has itself annexed no penalty. The Legislature has seen proper not to prescribe a penalty for a breach of the covenant, but to leave that

matter to be determined by the Courts, whenever the question comes before them, upon the principles of the common law. The Legislature has merely directed that, in all work to be done under the authority of the State, or any subordinate local government thereof, eight hours shall constitute a legal day's work, and in order that there may be no evasion of this rule on the part of any officers acting on behalf of the State, the Legislature has further directed that a stipulation to that effect shall be inserted in the contract. If the Legislature intended to go further than this, they have certainly not so declared. The clauses insisted upon by the Superintendent, which go beyond this, are not found in the statute. By what right is he to be allowed to do, what even the Courts cannot—put words in the mouth of the Legislature? By what right can he be allowed to say that the contractor shall not "permit his employees to work more than eight hours per day," or that, if he does, "he shall not be entitled to any pay for work done under the contract?" There is not only no such language in the statute, but there is, in my judgment, no such *meaning* in it. The meaning and intent of the Legislature, as I understand their language, is to prohibit, in the computation of a legal day's labor upon the public works, the counting of more than eight hours. I do not understand them as intending to prohibit, either directly or indirectly, the laboring man from working more than eight hours, *in the same day*, if he desires, or his necessities require him so to do. They have certainly not so provided in terms, and it admits of very serious doubt whether, if they had done so in terms, it would not have been an unwarrantable and unreasonable interference with the natural rights of persons, as enumerated in the first section of the first article of the Constitution of this State. It seems to me that to provide that a man should not labor more than eight hours *in each day*, notwithstanding his own necessities, or the necessities of those who are dependent upon him may render it absolutely necessary for him to do so, would be to go much further than any legislative body has yet gone in regulating the exercise of the natural right of every man to

labor for the support of himself and family, or for the purpose of acquiring, possessing and protecting property, and much further than the well understood policy of this statute requires. That man shall not work on Sunday, seems to be considered, by common consent, to be a necessary and salutary rule, on the score of health, and, therefore, the Courts have held that Sunday laws are not an unreasonable interference with his natural right to labor and transact business; but who is prepared to say that a man shall not only not work on Sunday, but he shall not work more than eight hours in each of the other days of the week, or, in other words, that out of each one hundred and forty-four hours he shall not be allowed to work more than forty-eight hours, under the pretense that to do so would injuriously affect his health and impair his general capacity for labor? No legislative or judicial body has yet gone so far, unless the construction put upon this statute by the Superintendent of Streets is the true construction, which I think is not the case.

I understand it to have been the intention of the Legislature to absolutely prohibit the officers of the State and subordinate local governments from requiring any one doing public work to work more than eight hours in doing a legal day's work, but not as intending to require them to prohibit the laborer from doing *extra work* for *extra pay.* Hence, under this statute, if wages are two dollars per day, the laborer can be required to work only eight hours for it; but there is nothing in it which prevents him from working two hours more as *extra work,* or as part of another day's work, and receiving fifty cents of *extra pay* therefor. Instead of a benefit, this statute would be also an evil, if construed as contended for by the Superintendent of Streets; for every laboring man who may find it necessary to work more than eight hours would be practically debarred from working upon the public works.

By SPRAGUE, J.:

The question presented on this appeal involves a construction of the second section of the Act of February 21, 1868,

entitled "An Act to limit the hours of labor" (Stats. of 1867–8, p. 63), the first section of which reads as follows : "Eight hours labor shall be deemed and held to be a legal day's work in all cases within this State, unless otherwise expressly stipulated between the parties concerned."

The language of this section is explicit and unmistakable, leaving no room for construction. The second section is as follows : "Eight hours labor shall constitute a legal day's work in all cases where the same is performed under the authority of any law of this State, or under the direction, control, or by the authority of any officer of this State, acting in his official capacity, or under the direction, control, or by the authority of any county or municipal government within this State, or of any officer thereof, acting as such ; and a stipulation to that effect shall be made a part of all contracts to which the State, or any county or municipal government therein, shall be a party."

This section is somewhat ambiguous, but when read in connection with the first, the intention of the Legislature, although expressed in not very specific terms, is unmistakable.

The first section provides that eight hours shall be deemed and held to be a legal day's work in all cases, except when otherwise expressly stipulated by the parties concerned."

The second section in substance provides, that in all cases where labor is performed under authority of any State law, or under the direction, control, or by authority of any officer of this State, as such, or under the direction, control, or by authority of any county or municipal government, or any officer thereof, acting as such, eight hours shall constitute a legal day's work, and a stipulation is required to be inserted in all contracts for such labor *to that effect*. The words "to that effect," used as descriptive of the character of the stipulation required to be inserted, evidently require a stipulation of a character to secure the performance of public work by laborers employed for the number of hours each day designated as a legal day's work by the preceding portion of the same section, and the first clause of the first section— in substance, to the effect that, in the performance of the

work under the contract, eight hours shall constitute a day's work, and that in the performance of the work required by the contract, the contractor will not require, or be a party to any stipulation for a different limit to the time for the performance of a day's labor.

In other words, the manifest intent of the Legislature, in the enactment of the second section, was in reference to all labor performed for the State Government, or any subordinate department thereof, to prohibit any stipulation being made or permitted by the officers having charge or control of such work, by which the hours for a day's labor should be extended beyond the limit fixed by the first clause of the first and second sections. Independent, therefore, of any action of the Board of Supervisors on the subject of the form or character of the stipulation to be inserted in contracts for street improvements in the City and County of San Francisco, it was clearly the duty of the Superintendent of Public Streets to require a stipulation to be inserted in petitioners' contract, in conformity with the provisions of the second section; and, in my judgment, it was competent and proper that, as security for the performance of such stipulation on the part of the contractor, a penalty should be prescribed in the contract itself for a failure to comply with the terms of the stipulation.

The stipulation insisted upon by the Superintendent of Streets in some respects does not fully come up to the requirements of the statute, as above construed, and in the requirement *not to permit* any person to work more than eight hours per day, it evidently is in excess of the law. But the contract presented by the petitioners entirely ignores the law, and the stipulation proposed by them as a compromise falls very far short of full compliance; hence, their prayer for a writ of mandate, in my judgment, was properly denied and the judgment should be affirmed.

By CROCKETT, J.:

The first section of the statute "to limit the hours of labor" (Statutes 1867–8, page 63), provides that eight hours' labor

shall be deemed a legal day's work "in *all cases* within this State," unless it is otherwise expressly stipulated between the parties. This provision is broad enough to cover all conceivable cases of contracts between private persons, or between a private person on the one side, and the Government, or a county or municipal corporation, or any officer of either, acting in his official capacity, on the other side. If this had been the only provision, more than eight hours' labor for a day's work would not have been exacted in any case whatsoever unless under an express stipulation of the contract; but all persons, including public officers acting in their official capacity, would have been at liberty to enter into valid contracts, stipulating for more than eight hours as a day's work. If it had been intended to permit public officers acting officially to enter into such contracts with laborers, no further legislation would have been needed, and the second section of the Act is superfluous and without meaning. But we cannot assume that the second section is only a piece of useless verbiage, having no practical end to subserve. On the contrary, we must so construe it, if possible, as to give it some effect in harmony with the general purpose of the Act. As between private persons, they are left free to contract as they see fit in respect to the number of hours which shall constitute a day's work. The Legislature, doubtless, concluded either that it had not the power, or that it was not wise to exercise it, to prohibit private persons from making their own contracts in respect to the number of hours which should be deemed a day's work. But public officers, in their official acts, are wholly within the control of the Legislature, and in furtherance of the design to foster the policy of establishing eight hours as a legal day's work, the Legislature has deemed it proper to prohibit public officers, acting officially, from demanding or contracting for more than eight hours as a day's work. It is not our province to discuss the wisdom of this provision. It is our duty to ascertain the intent of the Legislature, and to carry it into effect, if not in conflict with the Constitution. If the second section was not intended to *prohibit* public officers from entering into contracts stipulating for more than

eight hours as a day's work, it is only in effect a re-enactment of the first section; and we cannot impute to the Legislature the absurdity of repeating in the second section the provisions of the first. Nor do I entertain the least doubt that the contract in contest in this case is embraced and comes fully within the purview of the second section of the Act. The work to be done was clearly to be performed "under the direction, control or by the authority" of the city and county, and under the " direction " of the Superintendent of Streets, acting as such, and therefore comes within the letter and spirit of the Act; and although the contract is made on behalf of the city and county, in the name of the Superintendent of Streets, he is but the agent of the corporation in that behalf; and, *pro hac vice,* his act is the act of the corporation. But, in my opinion, the stipulation in the contract demanded by the Superintendent was broader than the Act authorizes. He had no authority to require that, in case of a violation of the stipulation by the contractor, the latter should "not be entitled to any pay for any work done," or that he should not "permit" any person employed on the work to labor more than eight hours per day. But he had the right and it was his duty to compel the contractor to stipulate that he would not *require* any laborer, by means of a contract with him, or otherwise, to labor more than eight hours per day. The stipulation, therefore, proposed by the Superintendent was too broad, whilst that proposed by the contractor was not sufficiently comprehensive. All that could properly be demanded of the contractor was that he would not contract with any laborer for, or require of him more than eight hours' labor per day. For a breach of this covenant the contractor would be liable as for any other breach of contract, and if the remedy should prove inadequate, it is the fault of the law, for which a remedy must be sought elsewhere. It is not the province of the Superintendent, or of the Courts, to add conditions and impose penalties where the law is silent.

For these reasons, I think the judgment should be affirmed.