[Civ. No. 6335. First Appellate District, Division Two.—December 10, 1928.]

LOUIS R. TOON, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION (a Corporation), Appellant.

William G. Griffith and B. P. Gibbs for Appellant.

Mygatt, Robertson & Crawford for Respondent.

STROTHER, J., *pro tem.*—This is an action brought by the plaintiff to recover damages for personal injuries suffered in the collision of a light laundry truck driven by him, with a stage of defendant.

The defense was a denial of negligence on the part of defendant, and contributory negligence of plaintiff. The case was tried by a jury, which returned a verdict in favor of plaintiff, and defendant appeals.

The accident occurred in March, 1921, at the intersection of Cacique and Voluntario Streets in the city of Santa Barbara. At the northwesterly corner of the intersection was a store or filling station, which obstructed the view between the northerly part of Cacique Street and the westerly part of Voluntario Street.

Plaintiff was driving easterly on Voluntario Street, and defendant's stage was going southerly on Cacique Street, thereby entering the intersection to the left of plaintiff. Plaintiff's testimony was that he entered the intersection at the rate of from eight to twelve miles an hour; that though he looked to the right and left, he never saw the stage, even at the moment of impact, and that he was rendered unconscious by the shock. Sanchez, a witness for plaintiff, testified that plaintiff was traveling at the rate of ten miles an hour just before he entered the intersection.

Ott, who was driving the stage, was a witness on behalf of defendant. He testified that he was traveling at the rate of between twenty and twenty-five miles an hour when he arrived at a point three or four feet from the intersection line; that the plaintiff was then about the same distance from the intersection and was going from three to six miles an hour faster than the witness, and went straight ahead at the same speed. The witness said that he put on his brakes as he crossed the property line and was going between ten and fifteen miles an hour at the time of collision.

The testimony of Brooks, a passenger on the stage, also a witness for the defendant, was practically to the same effect as that of Ott, except that on direct examination he testified that the stage was going fifteen to twenty miles an

hour at the moment of collision, and on cross-examination that it was going five or six miles an hour.

Each car entered the intersection on its own right side of the street. The collision occurred after each vehicle had passed the center line of the street across which it was traveling, hence after the stage had passed from the right to the left side of its road. The laundry wagon was carried diagonally across the street, a distance of forty-eight feet, into the corner of a lot, and completely demolished.

The court correctly instructed the jury as to the rules regarding negligence, proximate cause, and contributory negligence, as applicable to the facts of the case. A number of assignments of error are made by appellant, but only three appear to be of sufficient importance to justify consideration.

 In the course of the trial defendant offered in evidence several photographs of the scene of the accident, and more particularly that part of Cacique Street traversed by the stage in its approach to the intersection. These were admitted over the objection of plaintiff that they did not truthfully portray the scene. At the request of both parties the jury was taken to the place of the accident. Plaintiff's counsel in making the request stated that his reason for wanting the jury to see the place was that the photographs were unfair. This statement was objected to by defendant's counsel, and the court reproved plaintiff's counsel and admonished the jury that they were not to regard or be influenced by the statement. Thereupon the incident was assigned by defendant as prejudicial conduct on the part of plaintiff. Considering the prompt action of the court and the fact that the jury were put into a position to determine from their own observation the conditions at the place of the collision, it does not appear that defendant could have been prejudiced.

 The court instructed the jury that if they believed that the defendant's stage entered the intersection at a greater rate of speed than was lawful, and further believed that the plaintiff was not guilty of contributory negligence, they should find for plaintiff. The giving of this instruction is assigned as error, as ignoring the question of proximate cause and being in effect a direction to the jury to find for plaintiff. The jury had been told by the court

that any negligence on the part of the plaintiff, concurring or co-operating with negligence of the defendant to proximately cause the injury, was contributory negligence, which would prevent the plaintiff from recovering. From the evidence the jury could come to no other conclusion than that the collision was caused by the negligence of one or the other or of both the parties. Negligence on the part of the defendant was an inevitable inference to be drawn from the testimony of its own witnesses, if believed. The court correctly instructed the jury that if they believed that plaintiff was not guilty of contributory negligence they must find in his favor.

■ At the conclusion of the trial, the jury, after retiring for consideration, returned to court with the following verdict: ''We the jury in the above-entitled action find for the plaintiff, and assess his damages in the sum of $5000.00 and medical expenses, court costs and counsel fees.''

The court advised the jury that counsel fees could not be allowed in the action, and instructed them to retire ''and fix specifically your verdict on the amounts you have found.'' After some discussion between court and counsel, the court instructed the jury that ''The verdict should state specifically what your verdict is as to the amount of damages.'' The jury then retired and brought in the following verdict: ''We, the jury, find for the plaintiff and assess his damages in the sum of $7500.00.''

Defendant objected to the entry of the verdict on the ground that it was not their verdict, as they had already assessed the damages at $5,000, and the additional assessment of $2,500 was illegal and void; that the verdict was contrary to the court's instructions; that the verdict had been changed after its rendition and was not the true verdict. The court overruled the objection and the verdict was entered. This action of the court is urged as error.

Section 619 of the Code of Civil Procedure provides that, ''When the verdict is announced, if it is informal, or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may again be sent out.''

The court properly sent the jury out with instructions to find plaintiff's damages specifically. The whole issue was at large when they retired. They had evidently not passed

upon all the issues presented to them, and had found upon one matter which was not in issue. The statute provides that in such case one of two things shall be done, evidently according to the circumstances, either the jury shall correct the verdict under the advice of the court, ''or again be sent out.'' The latter can only mean that they may reconsider the issues. If they had returned a verdict reducing their finding of damages, or finding for the defendant, it was equally within their power.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.