[S. F. No. 16235.   In Bank.—January 31, 1940.]

VIOLET PRAGER, Respondent, v. E. M. ISREAL, Appellant.

Theodore Hale and Carroll B. Crawford for Appellant.

Parker & Stanbury, Harry D. Parker and Vernon W. Hunt, as *Amici Curiae*, on Behalf of Appellant.

Jerome L. Schiller for Respondent.

CARTER, J.—This is an appeal by the defendant from a judgment in favor of plaintiff entered on the verdict of a jury in an action for personal injuries.

Plaintiff and defendant had met on several occasions prior to the accident which is the subject of this action. On Sunday, June 9, 1935, defendant called at plaintiff's home in San Francisco to take her for a ride in his automobile. They drove about the city for an hour or more, then parked on a widened portion of the public highway overlooking the beach. They moved to the back seat to eat a lunch prepared by the plaintiff. Around 5 o'clock they decided to attend the theater. Plaintiff, who was seated on the right side of the rear seat, started to leave the car on that side, intending to resume her former position in the front seat. At the same time the defendant alighted on the left side to resume his position as driver. As the plaintiff had one foot on the ground and the other on the running board, the car moved forward, throwing her to the ground. She sustained injuries resulting principally in a fracture of the neck of the left femur.

The case was tried on issues raised by the third amended complaint which alleged that the injuries were caused by defendant's negligence in "failing to set and apply the brakes on said automobile". The answer pleaded specially the guest relationship between the parties and denied that there was any wilful misconduct on the part of the defendant. In the trial court plaintiff had a verdict for $7,500.

As his main ground for reversal of the judgment, defendant urges that a guest relationship existed between the plain-

tiff and defendant and that she has no cause of action against him unless her injuries resulted from his wilful misconduct or intoxication, neither of which was proved.

In the trial court, the judge who presided took the position that the guest statute was not applicable. For this reason he refused to permit counsel for defendant to present the issue of the guest relationship to the jury and refused to instruct the jury on the application of the guest statute. The ruling was based upon said trial court's interpretation of section 141¾ of the California Vehicle Act, the statute applicable at the time of the accident. The pertinent portion of the section reads: ''Any person who as a guest accepts *a ride* in any vehicle moving upon any of the public highways of the State of California, and while so riding as such guest receives or sustains an injury shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle.'' (Emphasis ours.)

In so holding the trial court relied upon the case of *Moreas* v. *Ferry,* 135 Cal. App. 202 [26 Pac. (2d) 886]. The plaintiff in that case rode with the defendant to a theater. Finding the showhouse crowded they decided to seek another place of entertainment. Defendant seated behind the steering wheel, requested plaintiff to crank the car. Upon so doing the crank ''kicked back'' breaking plaintiff's arm. The court stated therein: ''From an analysis of section 141¾ of the California Vehicle Act, it is apparent that under the facts here alleged its provisions are not applicable. It is therein provided, 'any person who as a guest, accepts a ride in any vehicle moving upon any of the public highways . . . and while so riding . . . receives or sustains an injury . . . ' The injury here received was not inflicted *in any vehicle moving upon any highway* and *was not inflicted while so riding.*''

The third paragraph of section 141¾ defines a guest as ''a person who *accepts a ride* in any vehicle without giving compensation therefor''. The defendant argues that anyone who comes within said definition of the term guest is, under section 141¾, precluded from recovery for injuries sustained unless wilful misconduct or intoxication of the driver of such vehicle is established.

In this contention, we cannot agree with the defendant. The definition of the term ''guest'' must be construed

with the rest of the section in which it appears. The first paragraph thereof sets forth the conditions under which a guest, so defined, will be denied recovery for injuries. Those conditions are when a guest accepts a ride in any vehicle 'moving upon a public highway", and receives or sustains an injury "while so riding as such guest". It is clear that unless all of those conditions are satisfied, the plaintiff is not such a guest as is denied recovery for her injuries by the terms of the guest statute.

It is well settled in this and other states that the so-called "guest laws" are in derogation of the common law and must be construed strictly. (See McCann v. Hoffman, 9 Cal. (2d) 279, 282 [70 Pac. (2d) 909]; Callet v. Alioto, 210 Cal. 65 [290 Pac. 438]; Rocha v. Hulen, 6 Cal. App. (2d) 245 254 [44 Pac. (2d) 478]; Hunter v. Baldwin, 268 Mich. 106 255 N. W. 431].) Furthermore, as stated in Rocha v. Hulen, supra, "The common law right of having redress for injuries wrongfully inflicted, being lessened by such statutes, necessitates strict construction, and also that cases be not held within the provisions of such statutes unless it clearly appears that it should be so determined." (Emphasis ours.)

It cannot be said that the legislature did not intend the language of the statute to be so interpreted, for it is presumed that every word, phrase and provision employed in a statute was intended to have some meaning and to perform some useful office (23 Cal. Jur. 781). (Appeal of Houghton, 42 Cl. 35, 52; Drew v. Smith, 38 Cal. 325, 333; Bourland v. Hildreth, 26 Cal. 161, 231; Robinson v. Bidwell, 22 Cal. 379, 393. And any construction should be avoided which implies that the legislature was ignorant of the meaning of the language so employed, or that it used words in vain, the legal intendment being that each and every clause was inserted for some useful and sensible purpose. (Mono Power Co. v. City of Los Angeles, 284 Fed. 784, 795; Hannon v. Southern Pac. R. Co., 12 Cal. App. 350 [107 Pac. 335]; Attorney General v. State Bd. of Judges, 38 Cal. 291, 296.)

In this connection it is significant that the phrase "while so riding" was used not once, but five times in section 141¾. It is therefore not to be presumed that its presence there was due to happenstance or a mere legislative inadvertence.

94

In addition, it is to be observed that following the decision in *Moreas* v. *Ferry, supra,* the legislature eliminated from the statute, the phrase "in any vehicle *moving* upon any of the public highways" and inserted in its stead the words "in any vehicle upon a highway", and further eliminated entirel; the use of the phrase "while so riding".

▮ It was held in *Oakland Paving Co.* v. *Whittell Real'l Co.,* 185 Cal. 113 [195 Pac. 1058], that the elimination of statutory clause after the rendition of a decision affect the law is to be regarded as an indication of legislative tent to change the meaning of the law or to obviate o'tions to it. It may therefore be inferred that the legisla recognized the correctness of the decision in *Moreas* v. *Fer, supra,* in the light of the wording of the statute at that tie, and made the above-mentioned changes in order to obvit the necessity of such an interpretation. (See *McColgan* v. *Jones, Hubbard & Donnell, Inc.,* 11 Cal. (2d) 243 [78 Fc. (2d) 1010].)

▮ Defendant states that "it would be absurd in 1e extreme to hold that one who has accepted a ride with another and had thus become his guest, immediately chaned to a paying passenger or a mere trespasser as soon as he wheels of the car stopped turning at a highway intersectn, or when the parties have voluntarily stopped for gas or luch or similar conveniences".

Be that as it may, it would be equally illogical to say tat a car which had been parked for several hours on a wideed space in a public highway provided for that purpose, nd which thereafter moved a few inches due to defective brakes or their lack of application—without a driver behind he steering wheel and without the motor having been started-is "moving on" a public highway within the meaning of he statute.

▮ We are likewise of the opinion that a person aliphing from an automobile, who is in a position with one foot a the ground and the other on the running board when it so loves cannot be said to be "riding" in said automobile with1 the meaning of said statute.

▮ It is obvious that in order to bring the plaintiff ith in the guest statute it would be necessary to so constr

statute as to omit therefrom the words "moving upon" and "While so riding". Such construction would be a direct violation of the provisions of section 1858 of the Code of Civil Procedure which provides: "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained thereon, *not to insert what has been omitted or to omit what has been inserted;* and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

Defendant cites *Hunter* v. *Baldwin*, 268 Mich. 106 [255 N. W. 431], to the effect that a person cranking a car is not a gratuitous passenger because he renders a service at the owner's request, and points out that the facts of said case are similar to those in *Moreas* v. *Ferry, supra*. The decision in the latter case, however, was not rendered because the plaintiff was not a gratuitous passenger and therefore not a guest, but because he was not injured under the conditions which, according to statute, would preclude a guest from recovery.

The case of *Nemoitin* v. *Berger*, 111 Conn. 88 [149 Atl. 233], was decided under a statute which did not use the phrase "in a vehicle moving on a public highway". The Connecticut statute provided that no person "transported by the owner or operator of a motor vehicle as his guest" without payment should recover for injuries, except in accordance with its terms. The plaintiff in that case had seated himself in the car preparatory to driving off with the defendant. The defendant, who was already seated behind the steering wheel noticed that the rear door was open, reached back and slammed it. Plaintiff's fingers were injured. It was held that when the plaintiff entered the car to take his place for the purpose of immediate transportation, he placed himself under the defendant's care and came within the purview of the statute. Suffice it to say that the difference in statutes necessitates a difference in the interpretation thereof.

Defendant contends that even were the guest law not to apply, the plaintiff has failed to establish a case of actual negligence against the defendant.

At the time of trial, defendant stated that the car had been his since 1927, and that from time to time the brakes

had caused trouble but were repaired. He testified that immediately before the accident the emergency brake slipped occasionally unless it was forced in. He was unable to remember whether he had applied the brake when he parked the car the afternoon of the plaintiff's injury, or not. He said, "I don't remember forcing it. I probably pulled it up, but how far, I don't know." His testimony was that he was too excited on his return trip to recall whether the brake was on or not. He thought the car had rolled forward about six inches.

Since the defendant testified that his brakes were in repair, but that his emergency brake would slip unless he forced it in, if his car moved—the inference is that he failed either totally or partially to apply that brake.

In the case of *Latky* v. *Wolfe*, 85 Cal. App. 332, 349 [259 Pac. 470], the court said: "That the statement, to which the defendant himself testified, that after the accident and after moving his car back to the position on the incline from which he left it in the first instance he 'put the brakes on', and the car 'stood on the incline all the time' and 'did not roll away', is justly susceptible to the interpretation that the reason that the car did not remain in the position on the incline in which he left it to go into the store was because the brakes had not been properly set. In other words, the jury could justly, and probably did, draw the conclusion from that statement of the defendant that the brakes were in good order, and that if defendant, as it was, in view of the peculiar situation, emphatically his duty to have done, had taken the pains to see that they were properly set when he left the car to go into the Hale store, the accident would not have happened."

Furthermore, we think it is clear that if the defendant failed to park his automobile in such a manner that it was safe for plaintiff to alight therefrom, or the automobile was in such a condition that it could not have been so parked and the plaintiff suffered an injury in attempting to alight therefrom as a result of the sudden movement of the automobile due to the failure of the defendant to properly set or apply the brakes, he was guilty of negligence. If such negligence was the proximate cause of the injury suffered by plaintiff, she is entitled to recover damages against him.

██ Defendant claims prejudicial error was committed by the trial court in the giving of the following instructions: "It was the duty of the defendant to exercise ordinary care to maintain the braking system on his automobile in good working order."

"If you find from the evidence that the automobile owned by the defendant herein was equipped with brakes which were faulty, defective or in bad repair, and that the defendant herein was aware of the faultiness, defectiveness or bad repair of said brakes, and that knowing said condition he did at the time and place of the parking of said automobile fail properly to set or apply said brakes, such failure on his part constitutes negligence and if you find that the said negligence, if any, was the sole and proximate cause of the plaintiff herein being injured, then you shall find a verdict for said plaintiff."

The error claimed by the defendant in giving the foregoing instructions is based upon the contention that because plaintiff pleaded only that the defendant was guilty of negligence in failing to set and apply the brakes on the automobile, said instructions were inapplicable to the issues in the case. The instructions contain a correct statement of the law and the latter instruction is more favorable to the defendant than to the plaintiff, as it is obvious that the defendant would have been guilty of negligence if he failed to properly set or apply the brakes on his automobile, whether they were defective or in perfect condition. Said instruction clearly states that it was for the jury to determine as to whether or not the defendant was guilty of negligence in failing to properly set or apply said brakes, and not in failing to have his car equipped with brakes in good working order.

██ Defendant also claims that the trial court committed prejudicial error in directing the jury to correct its verdict. The record discloses that after the case was submitted to the jury, it returned into court and submitted a verdict which read as follows:

"We the jury in the above-entitled cause, find a verdict in favor of plaintiff and against defendant E. M. Isreal and we hereby fix and assess the damages of the plaintiff in the sum of five thousand dollars ($5,000) plus reasonable attorney's

fees and costs.'' The court ordered the verdict recorded and then stated to the jury: ''The part of the verdict which includes reasonable attorney's fees is not to be considered. The court gave you the rule upon the measure of damages, and said nothing to you about attorney's fees, which cannot be included in a case of this kind . . . You will have to retire and find another verdict, gentlemen.'' Shortly thereafter the jury again returned into court with the same verdict, but with the following portion thereof deleted; ''five thousand dollars ($5,000) plus reasonable attorney's fees and costs'', but the following was added thereto: ''seven thousand five hundred ($7,500)''. This verdict was accepted by the court and judgment entered thereon. We find no error in the action of the court above noted. The first verdict was incorrect and the court clearly had the power to direct the jury to retire and correct it. We can see no material difference in what the court did in the case at bar than what was done in the case of *Toon* v. *Pickwick Stages,* 95 Cal. App. 370 [272 Pac. 797], which was approved by the District Court of Appeal in said case.

What we have said disposes of all of the contentions advanced by the defendant and the judgment is therefore affirmed.

Gibson, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.