Zimmerman, J.
 

 There appears to be no dispute among the parties that these actions are governed by
 
 *502
 
 the laws of Ohio. Title 16, Section 457, United States Code.
 

 Section 6308-6, General Code, effective in 1933 and commonly called the “guest statute,” reads as follows:
 

 “The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle. ’ ’
 

 Subdivision 14 of Section 6290, General Code, defines “operator” as
 
 including
 
 any person who drives or operates a motor vehicle upon the public highways.
 

 Plaintiffs contend that Section 6308-6, General Code, has reference only to injuries or death of guest-passengers on public roads or highways. In making this point they argue that the place where Mrs. Kitchens was injured was subject to permissive use by the army authorities and was a private driveway on private property; and that Sections 6308-6 and 6290, General Code, are
 
 in pari materia,
 
 and, read together in the light of Section 6307-8, General Code, which allows the owner of real property used by the public for the purpose of vehicular traffic to regulate travel thereon, Section 6308-6, General Code, is without application or relevancy to the instant cases.
 

 Assuming that plaintiffs are correct in their claim that Mrs. Kitchens was injured on a private thoroughfare, we cannot subscribe to the rest of their argument.
 

 “Clearly, the purpose of the Ohio statute [Section 6308-6, General Code] is to relieve a motorist from all liability for injury to or death of his ‘guest’ resulting from the operation of the motor vehicle, unless such injury or death results from the motorist’s wilful or
 
 *503
 
 wanton misconduct in such operation.”
 
 Duncan
 
 v.
 
 Hutchinson,
 
 139 Ohio St., 185, 188, 39 N. E. (2d), 140, 142;
 
 Vecchio
 
 v.
 
 Vecchio,
 
 131 Ohio St., 59, 1 N. E. (2d), 624.
 

 It is also commonly recognized that “guest statutes” generally are designed and intended' to discourage fraud and collusion between gratuitous guests in motor vehicles and the owners or operators thereof in the making of unjust demands against liability or casualty insurance companies for the injury of guests. Annotation, 111 A. L. R., 1011;
 
 Ward
 
 v.
 
 George,
 
 195 Ark., 216, 112 S. W. (2d), 30;
 
 Taylor
 
 v.
 
 Taug,
 
 17 Wash. (2d), 533, 136 P. (2d), 176. Compare
 
 Dobbs
 
 v.
 
 Sugioka,
 
 -Colo., -, 185 P. (2d), 784.
 

 The case of
 
 State
 
 v.
 
 Root,
 
 132 Ohio St., 229, 6 N. E. (2d), 979, has been cited and commented upon. There, the defendant Root, while driving his automobile on a road on the grounds of the Longview State Hospital in Hamilton county, killed one Lange. Root was indicted and tried under former Section 12404-1 (now-Section 6307-18), General Code, which read in part:
 

 “Whoever shall unlawfully and unintentionally kill another while engaged in the violation of any law of this state applying to the use or regulation of traffic on, over or across the roads or highways shall be guilty of manslaughter in the second degree * *
 

 Root’s conviction in the trial court was reversed by the Court of Appeals. In affirming the judgment of the latter court, this court held that Section 12404-1, General Code, in its wording and intent, had reference to
 
 public
 
 roads or highways and, since the road on which the fatality occurred was not of that character, the defendant was not guilty of committing an offense within the purview of the statute.
 

 We can perceive no parallel between the
 
 Root case
 
 and the present ones. The
 
 Root case
 
 had to do exclusively with a penal statute covering an unlawful
 
 *504
 
 and unintentional killing while engaged “in the violation of any law of this state applying to the use or regulation of traffic on, over or across ’the roads or highways.” The “guest statute” was in no way involved.
 

 It is interesting to note that Section 6307-18, superseding Section 12404-1, General Code, does not contain the words, “on, over or across the roads or highways.” Likewise, the “guest statute” is" wholly silent with respect to the location where “wilful or wanton misconduct” must take place.
 

 Section 6308-6, General Code, is an independent statute, complete in itself and is couched in plain language. The General Assembly has not seen fit to limit it in terms to the operation of motor vehicles on public roads or highways, and, if this court were to do so by a process of reasoning, which to say the least would be questionable, it would be exceeding its proper functions.
 

 In our opinion, Section 6308-6, General Code, in its present form applies to the operation of motor vehicles over both public and private ways or avenues of travel.
 

 Wherefore, the judgments of the Court of Appeals are affirmed in both cases.
 

 Judgments affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.