BISHOP, P. J.
 

 The defendant was convicted on a charge of failing to yield the right of way upon making a left turn at an intersection. The complaint failed to state a public offense and the evidence did not show that a public offense had been committed. The consequence, of course, is a reversal of the judgment against the defendant.
 

 
 *Supp. 861
 
 The facts are not in dispute. The defendant, southbound in the most easterly of the three southbound lanes on Fairfax Avenue (Los Angeles City) was halted by a red traffic light while “straddling the cross walk” on the north side of the intersection of Fairfax with Beverly Boulevard. During the period that the red light controlled the traffic, three cars, headed north, filled the three lanes on the side of Beverly, opposite the defendant and back of the crosswalk. When the red light changed to green the defendant put his car in motion and was in the intersection before any of the cars opposite him began to move. Indeed, it was not made to appear that any of them moved before the defendant had completed his turn and was on his way out of the intersection.
 

 The statutory law upon which the prosecution depends is subsection (a) of section 551, Vehicle Code, providing: “The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle
 
 approaching
 
 from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.” [The emphasis is ours.] It may be argued that the words “approaching from the opposite direction” should be understood as applying only to a car “which is within the intersection,” so that the correlation of ideas is: “any vehicle (1) approaching from the opposite direction which is within the intersection or (2) so close thereto as to constitute an immediate hazard.” Were this an acceptable interpretation we would affirm the judgment, for we entertain no doubt that the trial court would have been warranted in concluding that the three cars awaiting the “go” signal constituted an immediate hazard. The more natural and the correct reading of the provision, we submit, is this: “any vehicle approaching from the opposite direction which (1) is within the intersection or (2) so close thereto as to constitute an immediate hazard.” Thus read, section 551 deals with vehicles approaching from the opposite direction, and so supplements section 550, which treats of vehicles entering from different highways and section 552, concerned with cars entering an intersection from a through highway.
 

 We conclude, therefore, that the complaint fails to state a public offense, applicable to the situation of interest to us, when it charged that the defendant “was the driver of a vehicle within an intersection of highways intending to turn to the left, who wilfully and unlawfully failed, refused
 
 *Supp. 862
 
 and neglected to yield the right of way to a vehicle approaching from the opposite direction which was within the intersection and to a vehicle which was so close thereto as to constitute an immediate hazard. ’ ’ Whoever drafted the complaint departed from the language of the statute and by inserting “and to a vehicle” but omitting “approaching from the opposite direction” charged that which was not made an offense by section 551 (or any other statute).
 

 It must be concluded, further, that the evidence failed to show that the defendant was guilty of any offense. There was, of course, no car other than the defendant’s within the intersection and none that might be said to be approaching, as the defendant made his left turn. This is so, because all others, involved, were stationary and so not approaching. It would be a contradiction in terms to say that a
 
 standing
 
 car was
 
 approaching.
 
 But the word is used in the statute, and may not be discarded. “. . . it is presumed that every word, phrase and provision employed in a statute was intended to have some meaning and to perform some useful office. [Authorities cited.] And any construction should be avoided which implies that the Legislature was ignorant of the meaning of the language so employed, or that it used words in vain ...”
 
 (Prager
 
 v.
 
 Isreal
 
 (1940), 15 Cal.2d 89, 93 [98 P.2d 729, 731].)
 

 The judgment is reversed with directions to dismiss the complaint, for the purpose of filing an amended complaint if the People are so advised.
 

 Patrosso, J., and Kauffman, J., concurred.