**Essie Lee RICE et al.**

v.

**Ronnie SIMMONS.**

No. 7116.

Court of Civil Appeals of Texas.

Amarillo.

March 19, 1962.

Rehearing Denied April 16, 1962.

Ray & Knudtson, Amarillo, R. Dale Winget, Amarillo, of counsel, for appellants.

Culton, Morgan, Britain & White, Amarillo, Jess Dickie, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

Essie Lee Rice, individually and as next friend of Vicki Lee McAdams, a minor, brought this suit for personal injuries against Ronnie Simmons received by Vicki Lee McAdams in a one-car collision. It is undisputed that Miss McAdams was a guest of Simmons. At the close of plaintiff's testimony the trial court sustained defendant's motion for instructed verdict. The principal question presented is whether there is any evidence of probative force upon which the jury could have made findings relied on by the appellant.

The facts are relatively simple and in the main uncontradicted. On the night of December 5, 1959 Miss McAdams, along with another teenage girl and boy were guests in the car of Ronnie Simmons. The two couples were double dating and were riding around in the City of Amarillo. As they drove upon an overpass on the outskirts of the city Simmons stopped the car. Thereupon he and the other young man got out of the car and left the two girls inside. While the boys were out of the car it began to roll down the incline and came to rest at the foot of the overpass. In the meantime the girls had locked the car but after the boys ran to the car the doors were unlocked. Simmons had some difficulty in starting the car and all agreed he became "mad." After a few minutes the car started and Simmons admitted he "took off fast" on a service road going in the direction of Amarillo. This service road ran alongside

the main expressway between Canyon and Amarillo. The expressway was in the latter stages of construction but the service road was paved, and had gravel shoulders. The plaintiff testified Simmons was driving at a speed of approximately 75 miles per hour, although she admitted she did not look at the speedometer, and on cross examination she testified she did not know how fast he was actually driving. She further testified Simmons appeared to be mad because the car wouldn't start, and stated, "He first drove along real fast and wouldn't talk." After the car had gone along the service road approximately three-quarters of a mile the road took a sharp turn to the left onto the main highway. Simmons began to apply his brakes, but after realizing he could not slow the car sufficiently to make the turn he proceeded straight into a field. As the car came to rest the two girls were thrown from the car. Miss McAdams was taken to the hospital for emergency treatment but she was not hospitalized. Her right leg, ankle and back were injured, and she was under the care of a doctor for several months.

■ In reviewing the action of a trial court in granting an instructed verdict, we must consider all the testimony from the standpoint most favorable to the party against whom the verdict was instructed. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. It is also equally well settled that in order to sustain the granting of the instructed verdict it must be determined that there is no evidence of probative force upon which the jury could have made findings relied on. Burt v. Lochausen, supra and cases therein cited.

These basic principles are to be applied to the evidence here as it concerns the conduct of Simmons, to determine liability under Article 6701b, Vernon's Ann.Civ.St., commonly known as the "Guest Statute." There can be no liability placed upon Simmons under this statute "unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." No contention is made that the alleged acts of Simmons were intentional, therefore his liability must be based on the latter part of the quoted statute which has been held to be "gross negligence." Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022.

■ In determining whether or not there is any evidence of probative force to hold Simmons guilty of gross negligence, we must consider the element of conscious indifference which is an essential element of gross negligence. Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571. In that case the Supreme Court said, "The 'conscious indifference' included in the definition of gross negligence is indifference 'to the rights or welfare of the person or persons to be affected by it (the act or omission).' * * * The probability of danger to all such persons must be considered in determining whether negligence exists, as well as the grade."

■ In our opinion the facts of this case sustain the finding of the trial court that Simmons was not guilty of gross negligence. The evidence does not raise the issue that Simmons drove in reckless disregard of the rights of the plaintiff or was consciously indifferent to her welfare. The facts simply present a common custom or practice of teenage boys and girls "joy riding." There is no evidence of any ill feeling among any of the occupants of the car. Simmons admittedly became mad or irritated because the car would not start, but the only outward manifestation of this state of mind was his remaining silent over a brief period of time and the fact he started the car off at a fast rate of speed. It is obvious Simmons' ill feeling was directed to the automobile itself, rather than to the occupants thereof. We fail to see how these acts and omissions, in the light of the circumstances, would constitute gross neg-

ligence. It is undisputed that Simmons thought the service road led straight into the main highway, and he testified he was looking for a highway sign that would indicate the merger of the two roads. When the service road took an abrupt turn into the main highway without warning, Simmons proceeded straight into a field to avoid overturning the car. There was no traffic in the area and no evidence of obstructions along the service road on which the car was traveling. After reviewing this case as a whole, we are convinced Simmons committed acts of ordinary negligence in that he failed to exercise ordinary care in the manner in which he operated his automobile. However, there are no facts or circumstances shown which would justify the finding that Simmons' conduct was grossly negligent.

The judgment of the trial court is affirmed.