**Doris Ann SKRABANEK, Appellant,**

**v.**

**Jack RITTER, Sr., Appellee.**

**No. 11464.**

Court of Civil Appeals of Texas.

Austin.

Feb. 15, 1967.

Rehearing Denied March 15, 1967.

Benjamin J. Cuba, Temple, for appellant.

Brown, Daniel & Brown, John B. Daniel, Jr., Temple, for appellee.

O'QUINN, Justice.

This is a suit for personal injury involving application of the Texas automobile guest statute. The question is whether the statute applies to accidents occurring entirely on private property and not on a public highway.

Appellant Doris Ann Skrabanek and her husband in November, 1963, were guests of appellee Jack Ritter, Sr., and wife as the party of four set out on a hunting trip. They entered appellee's motor vehicle, an enclosed Jeepster, parked in a covered carport adjacent to quarters occupied by appellee and his wife in a motor hotel at Lampasas. Appellee was the driver, and appellant sat in the back seat with her husband behind appellee's wife sitting in the front seat.

The group planned to drive from the motor hotel along the highway, upon which the hotel fronted, a distance of several miles to a ranch where they intended to hunt deer. It was around six o'clock in the morning and still dark as they entered the vehicle. Appellee backed the vehicle a short distance out of the carport, preparatory to turning and driving about 160 to 180 feet out to the highway, and struck a tree growing in the motor hotel driveway with the rear of the vehicle.

The impact threw appellant's glasses backwards over her head into the space between the back seat and the spare tire and momentarily stunned her. The front seat came loose and glided back on appellant's foot and she was thrown forward in her seat.

Appellant being stunned did not at first respond to questions from others in the party as to whether she was hurt, but then appeared to recover from the shock and left the vehicle, along with the other members of the party, to examine the vehicle for damage. All four persons re-entered the ve-

hicle, and appellee drove them to the ranch, where they hunted until noon and returned to the motor hotel.

Appellant experienced pain and stiffness during the day and next day saw a doctor. Later, early in 1965, she was hospitalized and had surgery on her spine.

Appellant and her husband were divorced in 1964 and appellant brought this suit as a feme sole for personal injuries arising out of the accident in the motor hotel driveway.

Appellee filed motion for summary judgment contending appellant had not pleaded gross negligence and could not recover for ordinary negligence because of the guest statute. The District Court heard the motion on pleadings and depositions of the parties and arguments of counsel and entered judgment for appellee.

That appellee was the host driver and appellant was a guest without payment for transportation is not in issue. The only issue is whether appellee is entitled to the benefits of the automobile guest statute denying recovery by appellant without alleging and proving that the accident was intentional or caused by appellee's heedlessness or reckless disregard of the rights of others. Article 6701b, Sec. 1, Vernon's Ann.Civ.St.

It is undisputed that the accident occurred wholly within the motor hotel property at the outset of the journey and before the vehicle had reached the highway, and that the accident neither originated nor ended on a public highway or street.

Appellant relies upon the statute itself and contends that an accident on private property is not covered by this law, but that to come under the statute an accident must have occurred on a public highway.

Section 1 of Article 6701b reads:

"No person *transported over the public highways* of this State by the owner or operator of a motor vehicle as his guest without payment for *such transportation,* shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." (Emphasis supplied.)

Appellee contends that whether the owner or operator of a motor vehicle in which a guest is injured is entitled to benefits of the guest statute depends upon whether the injury occurred in the course of carrying out the gratuitous transportation the owner or operator had assumed, and that the statute does not limit its applicability to accidents on public highways or streets.

No Texas court has construed the guest statute where applicability of the statute depended solely upon the place of occurrence under facts showing that all events relating to the accident happened on private property. In several cases the courts have considered facts showing that the vehicle left the road and hit a tree, went off the highway and was wrecked, or the driver left the highway and drove into a field to avoid turning over. Rice v. Schiller, Tex.Civ.App., Dallas, 241 S.W.2d 330 (writ granted on different point, 151 Tex. 116, 246 S.W.2d 607); Nichols v. Musgrave, Tex.Civ.App., Texarkana, 285 S.W.2d 397 (no writ); Rice v. Simmons, Tex.Civ.App., Amarillo, 356 S.W.2d 206 (no writ). In each case the host and guest relationship obtained during transportation on a highway where the accident had its origin.

The Texas guest statute was enacted in 1931 (Acts 1931, 42nd Leg., p. 370, ch. 225) and has not been amended by the Legislature. Although it has been stated that the Texas law is a copy of the Connecticut guest statute, (Henry v. Henson, Tex.Civ.App., Texarkana, 174 S.W.2d 270, 274 (writ ref.); Fly v. Swink, 17 Tenn.App. 627, 69 S.W.2d 902, 904), this is true only in that both statutes change the same common law rule of liability. A significant difference between the Connecticut statute and the

Texas statute is omission from the Connecticut law of any reference to transportation on public highways. (Conn.Gen.Stat. 1930, Sec. 1628; Art. 6701b, Vernon's Ann. Tex.Civ.St.)

In construing a statute the courts apply the fundamental rule that when the legislative intent is ascertained, it is the law. Imperial Irrigation Co. v. Jayne, 104 Tex. 395, 138 S.W. 575; Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403; Asa S. Agar, Inc. v. Texas Underwriters, Tex.Civ.App., San Antonio, 129 S.W.2d 374 (writ ref.). The legislative intent as ascertained by the courts is derived from the law itself enacted by the Legislature. Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037.

The language of the Texas guest statute is clear and unambiguous in providing that "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages * *" unless the accident was intentional or caused by heedlessness or reckless disregard on the part of the owner or operator. (Art. 6701b, sec. 1) The clauses "transported over the public highways" and "without payment for such transportation" cannot be ignored or their meaning held without significance. If the Texas Legislature did copy the Connecticut Statute, as has been said, an important and meaningful difference lies in the addition to the Texas law of these two clauses.

American Jurisprudence states the general rule that:

> "*In the absence of language in the statutes to indicate any intention to restrict their operation to the public highways,* guest statutes are applicable where the motor vehicle in which the guest was being transported was, at the crucial time, being operated on a private way or private property." 8 Am.Jur.2d, sec. 474, p. 39. (Emphasis supplied.)

In support of the rule as stated, cases are cited from Florida, Ohio, Washington, and Iowa. The guest statute in each of these states is similar to the Connecticut law in that transportation on public highways is not specified. The language of the Iowa statute is typical:

> "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle." Iowa Code, ICA, sec. 321.494.

Under the Ohio statute, (Ohio Gen.Code, sec. 6308–6), with language almost identical with the Iowa law, the guest statute has been construed to be applicable to an accident on a United States air base (Kitchens v. Duffield, 149 Ohio St. 500, 79 N.E.2d 906, 37 Ohio Ops. 200) and to an accident in a private parking garage (Kilgore v. U-Drive-It Co., 149 Ohio St. 505, 79 N.E.2d 908, 37 Ohio Ops. 202).

The California guest statute compares with the Texas statute. Where the Texas statute provides that "No person transported over the public highways of this State" the California law reads "No person who as a guest accepts a ride in any vehicle upon a highway." In addition, the Texas statute employs the language "without payment for such transportation" which is similar to the California clause "without giving compensation for such ride." (Article 6701b, Sec. 1, Vernon's Ann.Tex.St.; Cal.Vehicle Code, sec. 403.)

Prior to 1935 the California guest statute provided that the guest must have accepted a ride in a vehicle "moving upon any of the public highways." Cal.Stats.1929, ch. 787, sec. 1, p. 1580. In 1935 the statute was amended to remove the words "moving upon any of the public highways" and insert "in any vehicle upon a highway." Cal. Vehicle Code, sec. 403.

The Supreme Court of California in 1956 held that by the 1935 amendment "the Legislature intended to extend its scope to non-moving vehicles." Boyd v. Cress, 46 Cal.2d 164, 293 P.2d 37. The Court in that case held the guest was no longer "so riding" in the "vehicle upon a highway" because he had left the vehicle, and said all terms of the statute must be met before the guest statute arises. While the California courts have not construed in the statute the language "in any vehicle upon a highway," with reference to whether "highway" includes private drives and other private property, the courts apparently assume the statute covers only accidents occurring on highways.

The Supreme Court of California in 1940 declined to follow a Connecticut decision because the Connecticut statute "did not use the phrase 'in a vehicle moving on a public highway.'" Prager v. Isreal, 15 Cal.2d 89, 98 P.2d 729, 732, referring to Nemoitin v. Berger, 111 Conn. 88, 149 A. 233.

In the Boyd case, supra, the court pointed out that the passenger "unquestionably accepted the ride as a guest in a vehicle upon a highway as the statute contemplates. But it does not follow that he suffered the injury 'during such ride.'" A California appellate court in 1940 rejected a group of cases as not in point because the negligence arose before or after the guest relationship, or the relationship was never contemplated, or "the vehicle was not 'upon a highway' and 'during such ride.'" Frankenstein v. House, 41 Cal.App.2d 813, 107 P.2d 624, 626.

Decisions from jurisdictions in which the guest statute makes no reference to transportation on public highways or to riding in vehicles upon a highway have no value in construing a guest statute such as Texas or California on the question of applicability of the statute to accidents occurring on private property.

We hold that Article 6701b, section 1, was intended by the Legislature to apply to accidents connected with transportation of persons over the public highways of this State, and not to accidents occurring wholly within the limits of private property.

Appellee has stressed the fact that the guest relationship began with intent formed in the minds of the parties and by the start of the journey, and contends that this would have satisfied the statute if the parties had never left the hotel driveway.

We do not agree. Application of the statute must be determined from what occurred before the parties reached the highway and while they were still on private property, regardless of intent. The statute became applicable when the vehicle entered the highway, not before.

In many parts of Texas hunting parties may travel several miles after leaving camp or ranch headquarters before reaching a highway. Yet the parties may intend after hunting part of the day to get on the highway and drive to another pasture. The fact the parties have formed such intent and are driving toward the highway cannot under the language of the statute place their relationship under the statute, which by its own language limits the relationship to persons "transported over the public highways of this State."

Several miles or several hours, or both, might intervene in many situations between start of the journey by the host and his guest and the place and time the guest may be transported over the public highways. Neither the intention of the parties, nor shortness or prolongation of time or distance, between the beginning of the journey on private property and its attaining the highway, will determine application of the statute. Intent of the parties, however clear, and utmost brevity of time and distance, between start of the journey and entry on the highway, will not invoke the statute for that part of the journey on private property before entering the highway.

To hold otherwise would require the Court to ignore the language of the statute and the facts surrounding its adoption tend-

ing to show the intent of the Texas Legislature. The Connecticut statute when copied into Texas law received two additional clauses limiting its application to persons "transported over the public highways," and this result is proclaimed in the caption of House Bill 763 describing the bill. The caption reads:

> "An Act to provide that *no person transported by the owner or operator of a motor vehicle over the highways of this State* as the guest of such owner or operator and without pay, shall have a cause of action for injury or death in case of accident, unless such accident shall have been intentional or heedless, or reckless; providing exceptions, and declaring an emergency." Acts 1931, 42nd Leg., p. 379, ch. 225. (Emphasis supplied.)

Appellee, in support of the contention that the statute is not limited in its application to accidents on public highways, cites decisions holding that "public highways" have been held to include public streets. Authority is also available to support the view that "public highways" also include public roads, public alleys, and other kinds of public ways. It does not follow that "public highways" will include private roads, private driveways, and other private property, as distinguished from travel ways generally open to the public.

However harsh or however limited in application a statute may appear under specific facts, it cannot be rewritten by the courts. It is the duty of the courts to administer laws as they are found and not to make law. To do otherwise is to assume functions that pertain solely to the legislature. Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 15 L.R.A. 262; Farmers & Mechanics National Bank v. Hanks, 104 Tex. 320, 137 S.W. 1120.

The judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.